**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GANESH BAHADUR GURUNG, | No. 07-72323 |
| Petitioner, | Agency No. A098-158-887 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 18, 2011

San Francisco, California

Before:     HUG and W. FLETCHER, Circuit Judges, and REAVLEY, Senior
Circuit Judge.[**]

Ganesh Gurung, a native and citizen of Nepal, petitions for review of the

Board of Immigration Appeals' decision denying his asylum application. We deny

the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Thomas M. Reavley, Senior United States Circuit
Judge for the Fifth Circuit, sitting by designation.

Gurung failed to establish that he was persecuted on account of imputed political opinion. He testified that he refused to cooperate with Maoist guerrillas who demanded money from him, but he provided no evidence that he expressed opposition to the Maoists' cause or that they considered him a political opponent. Under *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992), a bare refusal to cooperate with a guerrilla group is not sufficient to establish persecution on the basis of political opinion.

Gurung has also failed to show that he was persecuted on the basis of his membership in the particular social group of successful businessmen in Nepal. For purposes of the asylum statute, a social group must be defined with particularity and be "generally . . . recognizable to others." *Arteaga v. Mukasey*, 511 F.3d 940, 945 (9th Cir. 2007); *Ochoa v. Gonzales*, 406 F.3d 1166, 1170-71 (9th Cir. 2005). Gurung has not defined the boundaries of the "successful businessmen" group or presented evidence that the group is socially visible. Moreover, he has provided no specific evidence that he was a member of any such group. *See In re A-M-E & J-G-U-*, 24 I. & N. Dec. 69 (BIA 2007).

**PETITION DENIED.**